MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

SHACORY    ANTONIO    ANDUJAR,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff*,

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**

-against-

BAKERS PIZZA HK LLC (D/B/A BAKER'S
PIZZA + ESPRESSO), BAKER'S PIZZA INC.
(D/B/A BAKER'S PIZZA), JORDAN BAKER,
and JEREMY BAKER,

**ECF Case**

*Defendants*.

-------------------------------------------------------X

     Plaintiff Shacory Antonio Andujar ("Plaintiff Antonio" or "Mr. Antonio"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Bakers Pizza HK LLC (d/b/a Baker's Pizza + Espresso), Baker's Pizza Inc. (d/b/a Baker's Pizza), ("Defendant Corporations"), Jordan Baker and Jeremy Baker, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

     1.    Plaintiff Antonio is a former employee of Defendants Bakers Pizza HK LLC (d/b/a Baker's Pizza + Espresso), Baker's Pizza Inc. (d/b/a Baker's Pizza), Jordan Baker, and Jeremy Baker.

2.    Defendants own, operate, or control two pizzerias, located at 754 10th Avenue, New York, NY 10019 under the name "Baker's Pizza + Espresso" and at 201 Avenue A, New York, NY 10009 under the name "Baker's Pizza".

3.    Upon information and belief, individual Defendants Jordan Baker and Jeremy Baker, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.    Plaintiff Antonio was employed as a cook and a counter employee at the restaurants located at 754 10th Avenue, New York, NY 10019 and at 201 Avenue A, New York, NY 10009.

5.    At all times relevant to this Complaint, Plaintiff Antonio worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Antonio appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiff Antonio the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiff Antonio wages on a timely basis.

9.    Defendants' conduct extended beyond Plaintiff Antonio to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antonio and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Antonio now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Antonio now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Antonio's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two pizzerias located in this district. Further, Plaintiff Antonio was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Shacory Antonio Andujar ("Plaintiff Antonio" or "Mr. Antonio") is an adult individual residing in Richmond County, New York.

16.     Plaintiff Antonio was employed by Defendants at Bakers Pizza from approximately March 27, 2018 until on or about November 8, 2018.

17.     Plaintiff Antonio consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled two pizzerias, located at 754 10th Avenue, New York, NY 10019 under the name "Baker's Pizza + Espresso" and at 201 Avenue A, New York, NY 10009 under the name "Baker's Pizza".

19.     Upon information and belief, Bakers Pizza HK LLC (d/b/a Baker's Pizza + Espresso) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 754 10th Avenue, New York, NY 10019.

20.     Upon information and belief, Baker's Pizza Inc. (d/b/a Baker's Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 201 Avenue A, New York, NY 10009.

21.     Defendant Jordan Baker is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jordan Baker is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jordan Baker possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Antonio, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Jeremy Baker is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeremy Baker is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jeremy Baker possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Antonio, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.    Defendants operate two pizzerias located in the East Village and Hell's Kitchen neighborhoods of Manhattan in New York City.

24.    Individual Defendants, Jordan Baker and Jeremy Baker, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Antonio's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Antonio, and all similarly situated individuals, referred to herein.

27.    Defendants jointly employed Plaintiff Antonio (and all similarly situated employees) and are Plaintiff Antonio's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.    In the alternative, Defendants constitute a single employer of Plaintiff Antonio and/or similarly situated individuals.

29.    Upon information and belief, Individual Defendants Jordan Baker and Jeremy Baker operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Antonio's employers within the meaning of the FLSA and New York Labor Law.

31. Defendants had the power to hire and fire Plaintiff Antonio, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Antonio's services.

32. During 2018, Defendants, and their businesses, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Antonio is a former employee of Defendants who was employed as a cook and a counter employee.

35. Plaintiff Antonio seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Shacory Antonio Andujar*

36. Plaintiff Antonio was employed by Defendants from approximately March 27, 2018 until on or about November 8, 2018.

37. Defendants employed Plaintiff Antonio as a counter employee and a cook.

38.    Plaintiff Antonio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.    Plaintiff Antonio's work duties required neither discretion nor independent judgment.

40.    Throughout his employment with Defendants, Plaintiff Antonio regularly worked in excess of 40 hours per week.

41.    From approximately March 27, 2018 until on or about November 8, 2018, Plaintiff Antonio worked from approximately 9:00 a.m. until on or about 6:00 p.m., on Mondays once a month, from approximately 4:00 p.m. until on or about 1:00 a.m., on Tuesdays, from approximately 4:00 p.m. until on or about 2:00 a.m., Wednesdays and Sundays, from approximately 4:00 p.m. until on or about 3:00 a.m., on Thursdays and from approximately 4:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays (typically 66 to 75 hours per week).

42.    Throughout his employment, Defendants paid Plaintiff Antonio his wages primarily in cash. However, on a few occasions, Defendants paid Plaintiff Antonio his wages in a combination of cash and check.

43.    From approximately March 27, 2018 until on or about November 8, 2018, Defendants paid Plaintiff Antonio a fixed salary of $700 per week on a 6-day week, three weeks per month and a fixed salary of $800 per week on a 7-day week, once a month.

44.    For approximately his last week of employment, Defendants did not pay Plaintiff Antonio any wages for his work.

45.    Plaintiff Antonio's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46. For example, Defendants required Plaintiff Antonio to start working 30 minutes prior to his scheduled start time on several occasions, and did not pay him for the additional time he worked.

47. Defendants never granted Plaintiff Antonio any breaks or meal periods of any kind.

48. Although Defendants had a time tracking device installed, it was never made available to Plaintiff Antonio. In fact, Plaintiff Antonio was not required to keep track of his time nor to utilize said system.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Antonio regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Antonio an accurate statement of wages, as required by NYLL 195(3).

51. In fact, Defendants adjusted Plaintiff Antonio's paystubs so that they reflected inaccurate wages and hours worked, which resulted in Plaintiff Antonio not being paid appropriately and for all of his hours worked.

52. Defendants did not give any notice to Plaintiff Antonio of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antonio (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

54.    Plaintiff Antonio was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.    Defendants' pay practices resulted in Plaintiff Antonio not receiving payment for all his hours worked, and resulted in Plaintiff Antonio's effective rate of pay falling below the required minimum wage rate.

56.    Defendants habitually required Plaintiff Antonio to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.    Defendants paid Plaintiff Antonio his wages in cash and on a few occassions, in a combination of cash and check.

59.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Antonio (and similarly situated individuals) worked, and to avoid paying Plaintiff Antonio properly for his full hours worked.

61.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Antonio and other similarly situated former workers.

63.     Defendants failed to provide Plaintiff  Antonio and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64.     Defendants failed to provide Plaintiff Antonio and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65.     Plaintiff Antonio brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who

are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66.    At all relevant times, Plaintiff Antonio and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

67.    The claims of Plaintiff Antonio stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

68.    Plaintiff Antonio sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

69.    Plaintiff Antonio brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Antonio, are referred to herein as the "Class."

70.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

71.    There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiff Antonio the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

72.     The claims of the representative parties are typical of the claims of the class. Plaintiff Antonio and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

73.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

74.     The common questions of law and fact predominate over questions affecting only individual members.

75.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

76.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

77.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Antonio's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Antonio (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

79.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.     Defendants failed to pay Plaintiff Antonio (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82.     Defendants' failure to pay Plaintiff Antonio (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Antonio (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Antonio (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.     Defendants' failure to pay Plaintiff Antonio (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Antonio (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

88.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Antonio's (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Antonio, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

90.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Antonio (and the FLSA and Rule 23 class members) less than the minimum wage.

91.     Defendants' failure to pay Plaintiff Antonio (and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Antonio (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

93.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Antonio (and the FLSA and

Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.     Defendants' failure to pay Plaintiff Antonio (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiff Antonio (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

97.     Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants failed to pay Plaintiff Antonio (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Antonio's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

99.     Defendants' failure to pay Plaintiff Antonio (and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiff Antonio's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

100.    Plaintiff Antonio (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

101.    Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiff Antonio (and the FLSA and Rule 23 class members) with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff Antonio (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

104.    Plaintiff Antonio repeats and realleges all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiff Antonio (and the FLSA and Rule 23 class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the

overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to Plaintiff Antonio (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

107.    Plaintiff Antonio repeats and realleges all paragraphs above as though set forth fully herein.

108.    Defendants did not pay Plaintiff Antonio (and the FLSA and Rule 23 class members) on a regular weekly basis, in violation of NYLL §191.

109.    Defendants are liable to Plaintiff Antonio (and the FLSA and Rule 23 class members) in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Antonio respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antonio and the FLSA and Rule 23 Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antonio and the FLSA and Rule 23 Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Antonio's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Antonio and the FLSA and Rule 23 Class members;

(f)      Awarding Plaintiff Antonio and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Antonio and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Antonio and the Rule 23 Class members;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Antonio and the Rule 23 Class members;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Antonio and the Rule 23 Class members;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as

to Plaintiff Antonio and the Rule 23 Class members;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Antonio's and the Rule 23 Class members' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Antonio and the Rule 23 Class members;

(n)    Awarding Plaintiff Antonio and the Rule 23 Class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Antonio and the Rule 23 Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Antonio and the Rule 23 Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Antonio and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Antonio and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

      (t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Antonio demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        December 6, 2018

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

            By:       /s/ Michael Faillace     
                  Michael Faillace [MF-8436]
                  60 East 42nd Street, Suite 4510
                  New York, New York 10165
                  Telephone: (212) 317-1200
                  Facsimile: (212) 317-1620
                  *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

December 4, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Shacory Antonio Andujar
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                _____

Date / Fecha:                     December 4, 2018

*Certified as a minority-owned business in the State of New York*